*MHN*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**RECEIVED**

JUN 1 3 2008  *aw*
6-13-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

James G. Turner-el,

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**08CV3421
JUDGE MORAN
MAG. JUDGE ASHMAN**

vs.

Richard D. Pautler;
Marla Zielinski; Alan
Uchtman; Roger Cowan;
Warden Hinsley; Eugene
McAdory and Donald
Hulick and Roger Walker Jr., */

(Enter above the full name of ALL
defendants in this action. **Do not
use "et al."**)

**CHECK ONE ONLY:**

✓ _____   **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____   **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

I.   **Plaintiff(s):**

Revised: 7/20/05

_____

*/ and Donald N. Snyder, Jr.; L. Goforth; Ms. Howie
and Unknown defendant Guards

A.    Name: _James G. Turner, Jr_

B.    List all aliases: _None_

C.    Prisoner identification number: _N-01161_

D.    Place of present confinement: _Menard Corr. Ctr._

E.    Address: _P.O. Box 711 / Chester, Il. 62259_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant: _Richard D. Pautler_

       Title: _Business Administrator II_

       Place of Employment: _Menard C.C. of the IDOC_

B.    Defendant: _Marla Zielinski_

       Title: _Former Business Administrator_

       Place of Employment: _Unknown_

C.    Defendant: _Alan Uchtman_

       Title: _Former Warden_

       Place of Employment: _Ill. Dept. of Corrections_

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised:  7/20/05

Roger Cowan / Former Warden at Menard C.C.
Charles L. Hinsley / Former Warden Menard C.C
Eugene McAdory / Former Warden Menard C.C
Donald Hulick / Warden Menard C.C.
Roger Walker Sr., / Director IDOC
Donald N. Snyder, Jr., / Former Director IDOC
Linda Goforth / Counselor Menard C.C.
Ms. Howie / Counselor Menard C.C.
Unknown defendant Guards / Menard C.C.

III.    **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES ( ✓ )   NO ( )   If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES ( ✓ )   NO ( )

C.    If your answer is **YES**:

1.    What steps did you take?

*Filed Formal Grievance Complaints by handing to defendant(s) Howie and Goforth mailed to defendant(s) Wardens/Directors past and present.*

2.    What was the result?

*Unaddressed*

3.    If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

*Yes*

*Mailed to defendant Directors of IDOC*

D.    If your answer is **NO**, explain why not:

*N/A*

3

E.    Is the grievance procedure now completed?   YES (✓)   NO ( )

F.    If there is no grievance procedure in the institution, did you complain to authorities?   YES ( )   NO (✓)

G.    If your answer is **YES**:

      1.    What steps did you take?   *N /A*

      _____

      _____

      _____

      2.    What was the result?   *N /A*

      _____

      _____

      _____

H.    If your answer is **NO**, explain why not:   *Filed Grievances*

      _____

      _____

      _____

Revised:   7/20/05

**IV.**    **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):**

A.    Name of case and docket number: _(See Attached Pages)_

B.    Approximate date of filing lawsuit: _(See Pages)_

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _(See Pages)_

D.    List all defendants: _(See Pages)_

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _(See Pages)_

F.    Name of judge to whom case was assigned: _(See Pages)_

G.    Basic claim made: _(See Pages)_

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _(See Pages)_

I.    Approximate date of disposition: _(See Pages)_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised: 7/20/05

# U.S. Party/Case Index

## Civil Name Search Results

**27 Total Party matches for selection TURNER-EL, JAMES for Illinois Central**
**Search Complete**
**Mon Mar 25 10:46:21 CST 2002**
**Selections 1 through 27 (Page 1)**

●Download (1 pages $ 0.00)

| Name | Court | Case No. | Filed | NOS | Closed |
|------|-------|----------|-------|-----|--------|
| 1 TURNER-EL, JAMES G ilcdc | | 2:1989cv02210 | 07/14/1989 | 550 | 10/29/1990 |
| TURNER-EL vs. DILLMAN | | | | | |
| 2 TURNER-EL, JAMES G ilcdc | | 2:1989cv02211 | 07/14/1989 | 550 | 11/20/1990 |
| TURNER-EL vs. GOSKIE | | | | | |
| 3 TURNER-EL, JAMES G ilcdc | | 2:1989cv02212 | 07/14/1989 | 550 | 10/29/1990 |
| TURNER-EL vs. PETERS | | | | | |
| 4 TURNER-EL, JAMES G ilcdc | | 2:1989cv02213 | 07/14/1989 | 550 | 11/24/1989 |
| TURNER-EL vs. LANE | | | | | |
| 5 TURNER-EL, JAMES G ilcdc | | 2:1989cv02214 | 07/14/1989 | 550 | 11/15/1990 |
| TURNER-EL vs. LANE | | | | | |
| 6 TURNER-EL, JAMES G ilcdc | | 2:1989cv02215 | 07/14/1989 | 550 | 11/24/1989 |
| TURNER-EL vs. LANE | | | | | |
| 7 TURNER-EL, JAMES G ilcdc | | 2:1989cv02216 | 07/14/1989 | 550 | 11/24/1989 |
| TURNER-EL vs. SHANSKY | | | | | |
| 8 TURNER-EL, JAMES G ilcdc | | 2:1989cv02217 | 07/14/1989 | 550 | 10/29/1990 |
| TURNER-EL vs. PETERS | | | | | |
| 9 TURNER-EL, JAMES G ilcdc | | 2:1989cv02218 | 07/14/1989 | 550 | 10/29/1990 |
| TURNER-EL vs. PETERS | | | | | |
| 10 TURNER-EL, JAMES G ilcdc | | 2:1989cv02219 | 07/14/1989 | 550 | 10/29/1990 |
| TURNER-EL vs. PETERS | | | | | |
| 11 TURNER-EL, JAMES G ilcdc | | 2:1989cv02220 | 07/14/1989 | 550 | 10/29/1990 |
| TURNER-EL vs. GOSKIE | | | | | |
| 12 TURNER-EL, JAMES G ilcdc | | 2:1989cv02221 | 07/14/1989 | 550 | 10/29/1990 |
| TURNER-EL vs. PETERS, ET AL | | | | | |
| 13 TURNER-EL, JAMES G ilcdc | | 2:1989cv02222 | 07/14/1989 | 550 | 10/29/1990 |
| TURNER-EL vs. LANE | | | | | |
| 14 TURNER-EL, JAMES G ilcdc | | 2:1989cv02223 | 07/14/1989 | 550 | 10/29/1990 |
| TURNER-EL vs. LOWERY | | | | | |
| 15 TURNER-EL, JAMES G ilcdc | | 2:1989cv02224 | 07/14/1989 | 550 | 11/24/1989 |
| TURNER-EL vs. LANE | | | | | |

U.S. Party/Case Index Civil Name Search Results

http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl

16 TURNER-EL, JAMES G ilcdc    2:1989cv02225 07/14/1989  550  11/24/1989
TURNER-EL vs. PETERS

17 TURNER-EL, JAMES G ilcdc    2:1989cv02305 10/16/1989  550  07/03/1990
TURNER-EL vs. PETERS

18 TURNER-EL, JAMES G ilcdc    2:1990cv02254 08/03/1990  550  05/13/1992
TURNER-EL vs. PETERS

19 TURNER-EL, JAMES G ilcdc    2:1990cv02275 08/13/1990  550  01/18/1991
TURNER-EL vs. MCGINNIS

20 TURNER-EL, JAMES G ilcdc    2:1990cv02277 08/20/1990  550  01/31/1991
TURNER-EL vs. PETERS

21 TURNER-EL, JAMES G ilcdc    2:1990cv02293 08/31/1990  550  12/29/1992
TURNER-EL vs. IRVIN

22 TURNER-EL, JAMES G ilcdc    2:1990cv02294 08/31/1990  550  03/05/1993
TURNER-EL vs. MCGINNIS

23 TURNER-EL, JAMES G ilcdc    1:1993cv01054 02/10/1993  550  03/30/1993
TURNER-EL vs. LOWERY

24 TURNER-EL, JAMES G ilcdc    1:1993cv01058 02/10/1993  550  03/30/1993
TURNER-EL vs. PETERS

25 TURNER-EL, JAMES G ilcdc    1:1993cv01059 02/10/1993  550  04/22/1993
TURNER-EL vs. PETERS

26 TURNER-EL, JAMES G ilcdc    1:1993cv01069 02/18/1993  550  04/22/1993
TURNER-EL vs. BAKER

27 TURNER-EL, JAMES G ilcdc    1:1993cv01085 03/03/1993  550  03/30/1993
TURNER-EL vs. CRAINE

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/25/2002 10:46:21 | | |
| PACER Login: | us0166 | Client Code: |
| Description: | Civil srch pg 1 | Search Criteria: | TURNER-EL, JAMES |
| Billable Pages: | 1 | Cost: | 0.07 |

### U.S. Party/Case Index - Home
**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

??? Help

3/25/02 10:50 AM



## Civil Name Search Results

**20 Total Party matches for selection TURNER-EL, JAMES for Illinois Northern**
**Search Complete**
**Mon Mar 25 10:46:52 CST 2002**
**Selections 1 through 20 (Page 1)**

●Download (1 pages $ 0.00)

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 1 | TURNER-EL, JAMES G ilndc | | 1:1986cv08929 | 06/29/1998 | 999 | 06/23/1999 |
| | TURNER-EL vs. SUPT | | | | | |
| 2 | TURNER-EL, JAMES G ilndc | | 1:1989cv05004 | | 550 | |
| | TURNER vs. STRUBBE, ET AL | | | | | |
| 3 | TURNER-EL, JAMES G ilndc | | 1:1993cv04918 | 09/12/1994 | 550 | 06/03/1997 |
| | TURNER-EL vs. IL BD OF ED | | | | | |
| 4 | TURNER-EL, JAMES G ilndc | | 1:1993cv04919 | 01/28/1994 | 550 | 01/28/1994 |
| | TURNER-EL vs. CRAINE | | | | | |
| 5 | TURNER-EL, JAMES G ilndc | | 1:1993cv04967 | 01/28/1994 | 550 | 01/28/1994 |
| | TURNER-EL vs. PETERS | | | | | |
| 6 | TURNER-EL, JAMES G ilndc | | 1:1993cv04968 | 01/28/1994 | 550 | 01/28/1994 |
| | TURNER-EL vs. IL DEPT CORR | | | | | |
| 7 | TURNER-EL, JAMES G ilndc | | 1:1993cv04969 | 01/28/1994 | 550 | 01/28/1994 |
| | TURNER-EL vs. GODINEZ | | | | | |
| 8 | TURNER-EL, JAMES G ilndc | | 1:1993cv04970 | 01/28/1994 | 530 | 01/31/1994 |
| | TURNER-EL vs. GODINEZ | | | | | |
| 9 | TURNER-EL, JAMES G ilndc | | 1:1993cv05160 | 01/28/1994 | 550 | 01/28/1994 |
| | TURNER-EL vs. PETERS | | | | | |
| 10 | TURNER-EL, JAMES G ilndc | | 1:1993cv05161 | 01/28/1994 | 550 | 01/28/1994 |
| | TURNER-EL vs. GODINEZ | | | | | |
| 11 | TURNER-EL, JAMES G ilndc | | 1:1993cv05162 | 01/28/1994 | 550 | 01/28/1994 |
| | TURNER-EL vs. PETERS | | | | | |
| 12 | TURNER-EL, JAMES G ilndc | | 1:1996cv06323 | 06/18/1997 | 550 | 03/02/1998 |
| | TURNER-EL vs. WASHINGTON | | | | | |
| 13 | TURNER-EL, JAMES G ilndc | | 1:1996cv06368 | 02/26/1997 | 550 | 02/26/1997 |
| | TURNER-EL vs. DETELLA | | | | | |
| 14 | TURNER-EL, JAMES G ilndc | | 1:1997cv00022 | 09/04/1997 | 555 | 09/04/1997 |
| | TURNER-EL vs. WASHINGTON | | | | | |
| 15 | TURNER-EL, JAMES G ilndc | | 1:1997cv01818 | 03/17/1997 | 555 | 01/26/1998 |
| | TURNER-EL vs. PAGE | | | | | |
| 16 | TURNER-EL, JAMES G ilndc | | 1:1997cv02373 | 04/16/1997 | 555 | 04/16/1997 |

16 TURNER-EL, JAMES G ilndc  1:1997cv02373 04/10/1997  555  04/10/1997
TURNER-EL vs. PAGE

17 TURNER-EL, JAMES G ilndc  1:1997cv05822 08/15/1997  555  02/25/1998
TURNER-EL vs. WASHINGTON

18 TURNER-EL, JAMES G ilndc  1:2001cv07163 12/19/2001  550  09/26/2001
TURNER-EL vs. AGNELLO

19 TURNER-EL, JAMES G ilndc  1:2001cv08623 11/08/2001  550  11/30/2001
TURNER-EL vs. MORAN

20 TURNER-EL, JAMES G ilndc  1:2001cv08930 11/27/2001  550  11/27/2001
TURNER-EL vs. BROWN

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/25/2002 10:46:52 | | |
| PACER Login: | us0166 | Client Code: | |
| Description: | Civil srch pg 1 | Search Criteria: | TURNER-EL, JAMES |
| Billable Pages: | 1 | Cost: | 0.07 |

### U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

?**?**? Help

# U.S. Party/Case Index

## Civil Name Search Results

**42 Total Party matches for selection TURNER EL, JAMES for Illinois Southern**

**Search Complete**

**Mon Mar 25 10:47:20 CST 2002**

**Selections 1 through 42 (Page 1)**

⬤Download (1 pages $ 0.00)

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 1 | TURNER EL, JAMES G ilsdc TURNER EL vs. LANE | | 3:1989cv03289 | 05/17/1989 | 550 | 06/26/1991 |
| 2 | TURNER EL, JAMES G ilsdc TURNER EL vs. USPC | | 3:1990cv03388 | 07/03/1990 | 530 | 09/26/1991 |
| 3 | TURNER EL, JAMES G ilsdc TURNER EL vs. O'HARE | | 3:1992cv00580 | 08/07/1992 | 540 | 08/07/1992 |
| 4 | TURNER EL, JAMES G ilsdc TURNER EL vs. PETERS | | 3:1993cv00291 | 04/28/1993 | 550 | 04/04/1994 |
| 5 | TURNER EL, JAMES G ilsdc TURNER EL vs. BAKER | | 3:1993cv00292 | 04/28/1993 | 550 | 04/04/1994 |
| 6 | TURNER EL, JAMES G ilsdc GEDER vs. PAGE | | 3:1997cv00286 | 04/02/1997 | 555 | 02/11/2000 |
| 7 | TURNER EL, JAMES G ilsdc THOMAS EL vs. PAGE | | 3:1997cv00287 | 04/02/1997 | 555 | 07/22/1999 |
| 8 | TURNER EL, JAMES G ilsdc ODEN vs. PAGE | | 3:1997cv00424 | 05/12/1997 | 555 | 06/07/1999 |
| 9 | TURNER EL, JAMES G ilsdc TURNER EL vs. WEST | | 3:1997cv00688 | 08/11/1997 | 555 | 10/07/1997 |
| 10 | TURNER EL, JAMES G ilsdc TURNER EL vs. PAGE | | 3:1997cv00690 | 08/11/1997 | 555 | 10/03/1997 |
| 11 | TURNER EL, JAMES G ilsdc TURNER EL vs. WASHINGTON | | 3:1997cv00985 | 12/04/1997 | 555 | 12/23/1997 |
| 12 | TURNER EL, JAMES G ilsdc TURNER EL vs. WEST | | 3:1997cv00986 | 12/04/1997 | 555 | 12/16/1997 |
| 13 | TURNER EL, JAMES G ilsdc TURNER EL vs. MAYO | | 3:1997cv00987 | 12/04/1997 | 555 | 12/16/1997 |
| 14 | TURNER EL, JAMES G ilsdc TURNER EL vs. FRENTZEL | | 3:1997cv00993 | 12/08/1997 | 555 | 04/20/1999 |
| 15 | TURNER EL, JAMES G ilsdc TURNER EL vs. WASHINGTON | | 3:1997cv00996 | 12/04/1997 | 555 | 08/08/2000 |

## APPENDIX A

16 TURNER EL, JAMES G ilsdc    3:1998cv00030 01/16/1998 555 01/30/1998
TURNER EL vs. USA

17 TURNER EL, JAMES G ilsdc    3:1998cv00378 05/11/1998 555 05/20/1998
TURNER EL vs. HARTMAN

18 TURNER EL, JAMES G ilsdc    3:1998cv00386 05/11/1998 555 05/20/1998
TURNER EL vs. RENNISON

19 TURNER EL, JAMES G ilsdc    3:1998cv00775 10/26/1998 555 01/29/1999
TURNER EL vs. MAYO

20 TURNER EL, JAMES G ilsdc    3:1998cv00873 12/07/1998 555 02/18/1999
TURNER EL vs. PAGE

21 TURNER EL, JAMES G ilsdc    3:1998cv00874 12/07/1998 555 01/20/1999
TURNER EL vs. WASHINGTON

22 TURNER EL, JAMES G ilsdc    3:1998cv00875 12/07/1998 555 01/18/2000
TURNER EL vs. INTERNAL AFFAIRS

23 TURNER EL, JAMES G ilsdc    3:1999cv00013 01/07/1999 555 08/14/2000
TURNER EL vs. PAGE

24 TURNER EL, JAMES G ilsdc    3:1999cv00283 04/26/1999 555 04/29/1999
TURNER EL vs. FEINERMAN

25 TURNER EL, JAMES G ilsdc    3:1999cv00284 04/26/1999 555 01/19/2000
TURNER EL vs. PAGE

26 TURNER EL, JAMES G ilsdc    3:2001cv00247 04/10/2001 555
TURNER EL vs. ASSIGNMENT COMMITTEE

27 TURNER EL, JAMES G ilsdc    3:2001cv00248 04/10/2001 555
TURNER EL vs. FIENERMAN

28 TURNER EL, JAMES G ilsdc    3:2001cv00270 05/01/2001 530 06/26/2001
TURNER EL vs. JAWORSKI

29 TURNER EL, JAMES G ilsdc    3:2001cv00274 05/03/2001 530 02/26/2002
TURNER EL vs. COWAN

30 TURNER EL, JAMES G ilsdc    3:2001cv00287 05/08/2001 555 07/10/2001
TURNER EL vs. STANLEY

31 TURNER EL, JAMES G ilsdc    3:2001cv00298 05/10/2001 530 08/17/2001
TURNER EL vs. USPC

32 TURNER EL, JAMES G ilsdc    3:2001cv00299 05/10/2001 555 03/13/2002
TURNER EL vs. PAGE

33 TURNER EL, JAMES G ilsdc    3:2001cv00300 05/10/2001 555
TURNER EL vs. ZIELINSKI

34 TURNER EL, JAMES G ilsdc    3:2001cv00301 05/10/2001 530 06/26/2001
TURNER EL vs. ZIELINSKI

35 TURNER EL, JAMES G ilsdc    3:2001cv00472 07/16/2001 555 07/26/2001
TURNER EL vs. SNYDERS

36 TURNER EL, JAMES G ilsdc    3:2001cv00489 07/18/2001 540 07/27/2001
TURNER EL vs. PROUD

3/25/02 10:51 AM

37 TURNER EL, JAMES G ilsdc   3:2001cv00527 08/08/2001 555 08/29/2001
TURNER EL vs. SNYDERS

38 TURNER EL, JAMES G ilsdc   3:2001cv00557 08/17/2001 555
TURNER EL vs. MURPHY

39 TURNER EL, JAMES G ilsdc   3:2001cv00631 09/24/2001 555 02/25/2002
TURNER EL vs. SNYDER

40 TURNER EL, JAMES G ilsdc   3:2001cv00632 09/24/2001 555
TURNER EL vs. MAUE

41 TURNER EL, JAMES G ilsdc   3:2001cv00734 11/06/2001 555
TURNER EL vs. WALLS

42 TURNER EL, JAMES G ilsdc   3:2001cv00982 12/13/2001 555
TURNER EL vs. COWAN

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/25/2002 10:47:21 | | | |
| PACER Login: | us0166 | Client Code: | |
| Description: | Civil srch pg 1 | Search Criteria: | TURNER EL, JAMES |
| Billable Pages: | 1 | Cost: | 0.07 |

## U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

??? Help



# Seventh Circuit Court of Appeals

# Docket Sheets by Person

00-1435    Turner-El, James G. v. Feinerman, Doctor

00-1454    Turner-El, James G. v. Internal Affairs

00-4006    Turner-El, James G. v. Washington, Odie

00-8024    Turner-El, James G. v. Washington, Odie

01-3886    Turner-El, James v. Agnello, Gino

02-1127    Turner-El, James S. v. Moran, James B.

02-1131    Turner-El, James G. v. USA

90-1451    Turner-EL, James G. v. Lane, Michael P.

90-1452    Turner-El, James G. v. Lane, Michael P.

90-1453    Turner-EL, James G. v. Shansky, Ronald

90-1454    Turner-EL, James G. v. Lane, Michael P.

90-1455    Turner-EL, James G. v. Peters, Howard A.

90-1991    Turner-El, James G. v. Lane, Michael P.

90-1992    Turner-El, James G. v. Lane, Michael P.

90-1993    Turner-El, James G. v. Lane, Michael P.

90-2175    Turner-El, James G. v. Atkinson, Jeff

90-2260    Turner-El, James G. v. Geraghty, Thomas F.

90-2610    Turner-El v. Geraghty, Thomas F.

90-2613    Turner-EL, James G. v. Peters, Howard A.

90-2934    Turner-El, James G. v. Strubbe, Thomas F.

92-2406    Turner-El, James G. v. Peters, Howard

93-2087    Turner-El, James G. v. O'Hare, Stuart J.

93-2132    Turner-El, James G. v. Lane, Michael P.

93-2133    Turner-El, James G. v. Lane, Michael P.

93-2134    Turner-El, James G. v. Lane, Michael P.

94-2130    Turner-El, James G. v. Peters, Howard A.

94-2135    Turner-El, James G. v. Baker, Harold A.

97-1748    Turner-El, James G. v. Detella, George E.

97-2480    Turner-El, James G. v. Peters, Howard

98-1462    Turner-El, James G. v. Washington, Odie

98-1744    Turner-El, James G. v. West, Mary

98-1745    Turner-El, James G. v. Mayo, Sergeant

98-1763    Turner-El, James G. v. Page, Thomas F.

98-1810    Turner-El, James G. v. Page, Thomas F.

98-1811    Turner-El, James G. v. Washington, Odie

98-1813    Turner-El, James G. v. Page, Thomas F.

98-1814    Turner-El, James G. v. Page, Thomas F.

98-1815    Turner-El, James G. v. Page, Thomas

98-1816    Turner-El, James G. v. West, Mary

98-1817    Turner-El, James G. v. Page, Thomas

98-1838    Turner-El, James G. v. Washington, Odie

98-2887    Turner-El v. DeTella, George E.

99-1455    Turner-El, James G. v. Internal Affairs

99-1472    Turner-El, James G. v. Page, Thomas F.

99-1475    Turner-El, James G. v. Washington, Odie

99-1490    Turner-El, James G. v. Washington, Odie

99-1845    Turner-El, James G. v. Rennison, Colleen

99-2088    Turner-El, James G. v. Branche, Alfred

99-2107    Turner-El, James G. v. Page, Thomas F.

Charles R. Schmadeke    cschmadeke@hinshawlaw.com

Linda M. Wolters    lwolters@atg.state.il.us, jedwards@atg.state.il.us;jginter@atg.state.il.us

**3:01-cv-248 Notice will not be electronically mailed to:**

James G Turner El
#N-01161
MENARD CORR
Menard Corr Center
PO Box 711
Menard, IL 62259

## V.    Statement of Claim:

State here as briefly as possible the facts of your case.  Describe precisely how each defendant is involved.  Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

1. Following Court Orders For Prison officials to take 20% of the monies received to plaintiff's prison Trust Fund account at Menard prison to pay off initial Filing Fees by the U.S. District Court For Southern District of Illinois in the years of 1999 and 2000.

2. Defendant Zielinski begin taking certain percentage of plaintiff's Illinois State appropriated $10.⁰⁰ monthly Idle Pay to pay off Court filing fees though these funds were taken illegally in their entirety to pay off legal services prison debt, now, certain percentage was unlawfully being sent to the Clerk of the U.S. District Court/ Southern District to Fray costs of Filing Fee debts,

3. Defendant Zielinski in conspiracy, corroboration and collusion by express and implied consent with Former Warden(s) defendant(s) Cowan, McAdory, Hinsley, Uchtman, present Warden defendant Hulick, Former and present Directors of the Ill. Dept. of Corrections ("IDOC") Snyder Jr., and Walker Jr., and defendant Pautler knew,

Revised:  7/20/05

knows, or reasonably should have known that they could not divert, misappropriate, embezzel, steal or confiscate plaintiff's $10.00 monthly Idle Pay for any reason other than his either refusing a job or school assignment. (See Institutional Direc- tive 05.03.103). And, could not take said pay for legal services costs, restitution, segregation confinement; lock- down status of prison, medical Co-pay, furloughs or to pay off Court filing fees. Yet, defendant(s) have and continue to embezzel his Idle Pay for each of these reasons.

4. That by defendant(s) illegally taking plaintiff's Idle Pay for numerous years they arbitrarily deprived him of his sole means of providing for his serious hygienic needs resulting in him suffering massive hair and tooth loss, dan- druff, Athletic's feet, ear wax, boils under his arm pits and irritating skin rash, which continues to subject him to immi- nent dangers of serious physical injury, that defendant's took plaintiff's Idle Pay for their own personal gain along with all other prisoners Idle Pay in a Rocketering Scheme.

5. But, because defendant(s) didn't want to be held in contempt for not paying off plaintiff's filing fee debts defendant(s) Zielinski and Pautler in conspiracy with

**VI.    Relief:**

7

defendant(s) Cowan, McAdory, Hinsley, Uchtman, Hulick, Snyder Jr., and Walker Jr., begin taking certain portion of plaintiff's Idle Pay to pay off Court filing fee debts, even though defendant(s) were made aware that if plaintiff only received $10.00 per month, that prison officials were not to take plaintiff $10.00 Idle Pay to pay off Court costs defendant(s) nonetheless illegally took plaintiff's Idle Pay and paid off filing fee debts each month.

6. The Clerk of the U.S. District Court for Southern District of Illinois, unbeknowingly, received illegally stolen Idle Pay, and attributed payment to several different cases filing fee debts, unaware that the collected funds was from plaintiff's $10.00 monthly Idle Pay, which under 42 U.S.C. §1997, the clerk could not accept, as plaintiff only had $10.00 in his prison account, which could not be taken for filing fees.

7. Plaintiff placed grievance complaints in the hands of defendant(s) Howie and Goforth, who have never addressed, nor returned said complaints.

8. Additionally, plaintiff forwarded Emergency Grievances to defendant Hulick by mailing them to him by defendant Unknown Correctional Guards, to date, defendant Hulick

-8-

has never addressed, nor returned said grievances.

9. Having received no word from defendant Huliete
plaintiff sent Emergency Grievance Appeal to defen-
dant Walker, Jr., through defendant Unknown Cor-
rectional Guards, and to date, he's received no
response from defendant Walker, Jr., and over 1
year have elapsed, additionally, nor, was plaintiff's
money voucher for postage costs ever returned by
Mail-Room.

10. Each named defendant is sued individually and
in their official capacities for their action under
color of Illinois State Law.

## LEGAL CLAIM COUNT I.

11. All named and unknown named defendant(s) acts
and omissions done intentionally, knowingly, willfully,
wantonly and arbitrarily in conspiracy, corroboration and
collusion by express and implied consent in bad faith
with deliberate indifference and total reckless disregard
deprived plaintiff of his property entitlement his Idle Pay
for years for Court Costs and legal expenses depriving
him of monies for his hygienic needs, subjecting him to
imminent danger of serious physical injury and depriving

him of his rights to Due Process, Equal Protection of the law and subjecting him to cruel and unusual punishment in violation of the 5th, 8th and 14th Amendments to the United States Constitution.

## LEGAL CLAIM COUNT II.

12. Defendant(s) Goforth, Howie, Hulick, Walker, Jr., and defendant Unknown Correctional Guards acts and omissions done intentionally in conspiracy, corroboration and collusion by express and implied consent, in bad faith, deliberate indifference and total reckless disregard to deprive the plaintiff of a institutional/administrative remedy by refusing to address and decide his grievance complaints denies him due process, equal protection and subjects him to cruel and unusual punishment in violation of the 5th, 8th and 14th Amendment(s) to the U.S. Constitution.

## LEGAL CLAIM COUNT III.

13. All named and unknown named defendant(s) acts and omissions deprived plaintiff of his rights under the Bill of Rights Art. 1, Sec. 2 of the Illinois State Constitution.

## LEGAL CLAIM COUNT IV.

14. All named and unknown named defendant(s) acts

- 10 -

and omissions deprived plaintiff of his rights by virtue
of Federal and Illinois State Law.

### LEGAL CLAIM COUNT V.

15. All named and unknown named defendants acts
and omissions violate IDOC rules, directives and
regulations.

### LEGAL CLAIM COUNT VI.

16. All named and unknown named defendant(s) acts
and omissions is part of a racketeering scheme warranting
criminal prosecution

-11-

State briefly exactly what you want the court to do for you.  Make no legal arguments.
Cite no cases or statutes.

A) Declaratory Judgement; B) Injunctive Relief; C) Compensatory
Damages of $250,000.00 (Two Hundred Fifty Thousand Dollars);
assessed against Each named defendant to be awarded
plaintiff; D) Punitive damages of $500,000.00 (Five
Hundred Thousand Dollars) assessed against each named
defendant to be awarded plaintiff; E) Trial by Jury; */

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this
Complaint are true to the best of my knowledge, information and
belief.  I understand that if this certification is not correct, I may be
subject to sanctions by the Court.

Signed this 29th day of May , 20 68

James G. J_____ Jr
(Signature of plaintiff or plaintiffs)

James G. Turner. Jr
(Print name)

N-01161
(I.D. Number)

Menard Corr Ctr

P.G. Box 711

Menard, Il. 62289
(Address)

*A) Defendants pay all costs of this action; G) Lodge
criminal charges; H) Any additional Relief this Court
deems just.

8

ADMINISTRATIVE REVIEW BOARD **COMMITTED PERSON'S GRIEVANCE FORM**
(Please print or write clearly)

DATE 6/ 25/ 07    FACILITY: Menard Correctional Center

LAST NAME: Turner - 4L    FIRST NAME: James    I.D. #: N- 21161
(Print)    (Print)

SIGNATURE: James G. T---- 4

DATE OF COUNSELOR'S RESPONSE: None    (Attach Copy of Response)

DATE OF GRIEVANCE OFFICER'S RESPONSE: None    (Attach Copy of Response)

If not filed with Counselor and/or Grievance Officer, state reason. Given to Counselor and Warden never answered or addressed

Nature of Grievance: (Please check one)

✓ Personal Property    ✓ Staff Conduct

___ Protective Custody    ___ Medical Issues

___ Transfer    ___ Mail Handling

___ Restoration of Good Conduct Credits/Statutory Good Time

___ Community Correctional Center Placement

___ Disciplinary Report (Date:_____ Facility where DR was issued:_____)

✓ Other Embezzellment of $10.00 monthly Idle Pay for Legal Services and Court Costs

Brief Summary of Grievance: (may use other side if necessary)
Attached grievances were given to Counselors and mailed to Warden in Emergency and more than (6) months have elapsed so I'm bringing grievance appeals in Emergency

Relief Sought: Reimburse $10.00 Idle Pay for every year taken, Repri-
mand Warden/Business Administrator; Compensate grievant $250,000
(Two Hundred Fifty Thousand Dollars); Reimburse Court Fees;

DC 7089 IL    F-726    (over)

## ADMINISTRATIVE REVIEW BOARD COMMITTED PERSON'S GRIEVANCE FORM
### (Please print or write clearly)

DATE: __1/30/07_____ FACILITY: __Menard C.C._____

LAST NAME: __Turner-El_____ FIRST NAME: __James_____ I.D. #: __N-01161__
_____(Print)_____(Print)

SIGNATURE: _James M.___ El_____

DATE OF COUNSELOR'S RESPONSE: __Never Received_____ (Attach Copy of Response)

DATE OF GRIEVANCE OFFICER'S RESPONSE: __Emergency_____ (Attach Copy of Response)

If not filed with Counselor and/or Grievance Officer, state reason. __Emergency Requests_____

_____

Nature of Grievance: (Please check one)

__X___ Personal Property　　　　__X__ Staff Conduct

_____ Protective Custody　　　　_____ Medical Issues

_____ Transfer　　　　　　　　_____ Mail Handling

_____ Restoration of Good Conduct Credits/Statutory Good Time

_____ Community Correctional Center Placement

_____ Disciplinary Report (Date: __7/20/06____ Facility where DR was issued: __Menard C.C._____)

_____ Other: _____

Brief Summary of Grievance: (may use other side if necessary)

　Petitioner sent his grievances in Emergency to the Warden at M.C.C.

　Warden has never responded or grievances returned, petitioner does not

　know if prison guards are withholding grievances from Warden or simply

　that Warden refused to address said grievances in Emergency, accordingly,

　petitioner seek resolution from the ARB.

Relief Sought: __Whatever relief sought on each grievance complaint.__

_____

_____

DC 7089 IL　　　P-728　　　　　　　　　　　　　　　　　　　　　　(over)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 3 / 18 / 07 | Offender: (Please Print) James G. Turner. Sr | ID#: N-01161 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Menard C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [✓] Personal Property
- [✓] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [✓] Other (specify) Illegal Payment
- [ ] Disability
- [ ] HIPAA

- [ ] Disciplinary Report: ____ / ____ / ____
  Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Business Administrators cannot confiscate the grievants Idle Pay for Court Filing fees, because amount doesn't exceed $10.00 monthly, as such, under, Federal Rules 42 U.S.C. §1997 his $10.00 cannot be taken to pay off filing fees.

**Relief Requested:** Reimburse all monies paid on court filing fees, Reprimand and Suspend Business Administrator for 90 days without pay, Compensatory damages if $250,000.00 awarded grievant

[✓] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| James B. ___ Sr | N-01161 | 3, 18, 07 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____ / ____ / ____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

| Print Counselor's Name | Counselor's Signature | ____ / ____ / ____ Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: ____ / ____ / ____

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | ____ / ____ / ____ Date |
|---|---|

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 10-16-06 | Offender: (Please Print) James G. Turner, Jr. | ID#: N-01161 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Menard C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

☑ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☑ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☑ Other (specify): Theft

☐ Disciplinary Report: ___/___/___
       Date of Report            Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

**Brief Summary of Grievance:** Business Administrators and Warden(s) have and continues to illegally steal, grievant's $10.00 monthly Idle Pay for legal copies/postage and for Court Filing fees, when grievant's Idle Pay cannot be taken for any reason, other than his refusing a job or school assignment; further, cannot be used to pay Court filing fees because amount received to his account doesn't exceed $10.00 monthly. Taking Idle Pay deprives grievant of monies to tend to his hygienic needs, subjecting him to deterioration of his hygiene, massive hair and tooth

**Relief Requested:** Reimbursement of Idle Pay for legal services and Court Costs; Reprimand Prison Staff; Compensatory damages at $250,000.00 to be awarded grievant

☑ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| James G. _____ El | N-01161 | 10, 16, 06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) | | |
|---|---|---|
| Date Received: ___/___/___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

| **EMERGENCY REVIEW** | | |
|---|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | ☐ Yes: expedite emergency grievance ☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | Date |
|---|---|

1055, dandruff, boils under arm pits, ear wax, Athletics feet, and irritating skin rash. Subjecting him to problems with cellmates, etc., due to lack to hygienic care.

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 1-2-07 | Committed Person: (Please Print) James G. Turner-El | ID#: N-01161 |
|---|---|---|

| Present Facility: Menard C.C. | Facility where grievance issue occurred: Menard C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [x] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): Retaliation

- [ ] Disciplinary Report: ___/___/___
  Date of Report _____    Facility where issued _____

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: Grievant has submitted several grievances to both the
Unit Counselor Mr. Ryan and to the Grievance Officer, however, these
grievances are not being received, nor, ones the grievant has sent directly
to the Warden, because, C/O Hale has continually gotten hold of these
grievances and has intentionally and deliberately destroyed them, in re-
taliation to the grievant writing grievances against him, for writing
false disciplinary reports against him and throwing away grievant's per-
sonal property his clothing and breaking his radio and fan when grievant
was taken to the segregation unit 7/20/06. Now, C/O Hale is attempting
to prevent any of the grievances from being submitted timely or to be

Relief Requested: Suspend C/O Hale for (90) days without pay, remove him from
ECH or any unit grievant may be assigned to, require he return all copies
of grievances he's confiscated, award grievant $50,000.00 against him.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

James W. _____ El            N-01161    1, 2, 07
Committed Person's Signature            ID#            Date

(Continue on reverse side if necessary)

---

## Counselor's Response (if applicable)

Date Received: ___/___/___
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

Print Counselor's Name            Counselor's Signature            Date of Response

---

## EMERGENCY REVIEW

Date Received: ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

Chief Administrative Officer's Signature            Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)        **DOC 0046, Page 2**

reviewed to determine their merit, which delays and denies grievant of
pursuing a legal remedy against his illegal actions. Further, C/O Hale
is threatening grievant with vicious staring like he wants to attack the
grievant, grievant is fearful, C/O Hale will write him another false dis-
ciplinary report or try and provoke grievant into a physical confrontation.
Grievant is fearful of going to Inmate Dinning Room to eat, to shower, yard,
gym or on any passes when C/O Hale is working, so as not to be subjected
to further retaliatorial tactics of this correctional officer. If C/O
Hale is not removed from ECH grievant will be forced to seek protective custody
 (See copies of some of the Grievance Complaints attached)

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 1/24/07 | Committed Person: (Please Print) James G. Turner-El | ID#: N-01161 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Menard C.C. | |

**NATURE OF GRIEVANCE:**

| | | |
|---|---|---|
| ☒ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☒ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☒ Other (specify): Tampering |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | with grievances. |

☐ Disciplinary Report: _____/_____/_____
　　　　　　　　　　　　Date of Report　　　　　　　　　　Facility where issued

Note:　Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
　　Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
　　Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
　　Chief Administrative Officer, only if EMERGENCY grievance.
　　Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
　　administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
　　Administrative Officer.

Brief Summary of Grievance: Grievant has mailed in several grievances to the Warden
in Emergency and to the Grievance Officer, yet, he's received no reponse
grievant caught C/O Hale stealing one of his grievances sent to the East
Cell House Unit Counselor Mr. Jim Ryan on 12/19/07. Grievant is under
the impression that said officer probably has somehow obtained possession
of his grievances sent to the Warden and the Grievance Officer also
(See attached Grievance Complaints forwarded previously without being
addressed or resolved). Grievant contend C/O Hale is tampering with
his grievances because, grievant wrote him up for throwing away all his
clothing and other property, breaking his radio and Fan on 7/20/06.

Relief Requested: Decide Grievance complaints, suspend or reprimand C/O Hale
90 days without pay.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_James G. _____-El_　　　N-01161　　　1 / 24 / 07
　Committed Person's Signature　　　　　　　ID#　　　　　　　　Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: _____/_____/_____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL. 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

_____

_____　　_____　　_____/_____/_____
Print Counselor's Name　　　　　　Counselor's Signature　　　　Date of Response

---

**EMERGENCY REVIEW**

Date Received: _____/_____/_____　　Is this determined to be of an emergency nature?　　☐ Yes: expedite emergency grievance
　　　　　　　　　　　　　　　　　　　　　　　　　　　　☐ No; an emergency is not substantiated.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Committed person should submit this grievance
　　　　　　　　　　　　　　　　　　　　　　　　　　　　in the normal manner.

_____　　　　　　　　　　_____/_____/_____
Chief Administrative Officer's Signature　　　　　　　　　　Date

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**COMMITTED PERSON'S GRIEVANCE (Continued)**

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 11-10-06 | Committed Person: (Please Print) James G. Turner-El | IDR: N-01161 |
|---|---|---|
| Present Facility: M.C.C. | Facility where grievance issue occurred: M.C.C. | |

**NATURE OF GRIEVANCE:**

- [x] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify) Retaliation

- [ ] Disciplinary Report: ____/____/____
  Date of Report          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: U.S. District Court Judge Moran imposed a
Settlement agreement on behalf of IDOC in Case No.
86 C 8929 November 18, 1988 following evidentiary hear-
ing, then on December 13, 1988 the judge entered
the terms of the settlement agreement requiring IDOC
to provide grievant a) A State Loan Color TV, Radio
and Fan: b) Afforded access to prison typewriters and
c) Afforded a prison job. (See Settlement Papers attached)
Grievant complains because IDOC have and continues
to retaliate against grievant and refuses to comply

Relief Requested: C/O Hale be ordered to buy new radio and
fan: b) M.C.C. Repair shop be ordered to repair items
that grievants debt of over $10,000.ºº be terminated and →

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| James B. [signature] El | N-01161 | 11, 10, 06 |
|---|---|---|
| Committed Person's Signature | IDR | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

### EMERGENCY REVIEW

| Date Received: ____/____/____ | Is this determined to be of an emergency nature? | [ ] Yes: expedite emergency grievance [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |
|---|---|---|

| Chief Administrative Officer's Signature | | Date |
|---|---|---|

(See Relief portion of above Grievance complaint) (Retaliation)

with, the terms of the terms of the settlement. In that
I.D.O.C. has never afforded grievant a prison job in
over 18 years, clearly showing retaliation and a
conscious refusal to comply to Federal Court Orders.
I.D.O.C. thru Legal Department at Menard prison
claim grievant was given a prison job December
12, 1988, one day terms were entered. But the
grievant's prison record shows on December 13,
1988 he was confined to segregation at Pontiac
prison and never afforded a prison job (See
letter of Menard Legal Department attached). In
denying grievant a prison job, I.D.O.C. began to
charging grievant, xerox copy cost and legal mailing
costs and confiscating all monies received to his
prison account, including his Illinois State issued
monthly "Idle Pay" of $10.00 to pray sods of his
ever increasing debts. In so doing, grievant was
deprived of any monies to tend to his personal
grooming and hygienic care. Resulting in his suffer-
ing deterioration of his hygienic care, he has
boils under his arm pits, athletics feet, dandruff,
ear wax problems, skin rash and massive hair,
and tooth loss, he has not been to inmate
commissary in over 16 years and his health is
bad as his hygiene.
Though McC's prison staff has afforded Color T.V,
Radio and fans grievant has no access to type-
writer, afforded no job and c/o Middendorf say
M.c.c's does not issue State loan radios anymore
and both grievant's settlement issues fans and radio
are not working due to c/o state specifically break-
ing these items on 7/30/06 because no new/used
radio can be issued per c/o Middendorf and due to
debt grievant cannot have radio and fan repaired
he bring this grievance that problems can be recti-
fied before he takes further legal action.

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: | Committed Person: (Please Print) | | ID#: |
|---|---|---|---|
| Present Facility: | | Facility where grievance issue occurred: | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ Other (specify): _____

☐ Disciplinary Report: ____ / ____ / ____
Date of Report          Facility where Issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: _____

_____

_____

_____

_____

_____

_____

_____

_____

Relief Requested: *grievant afforded prison job at Inmates Commissary and compensated $25,000.00 for pain and suffering for 18 years.*

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  El    N-08164    11, 10, 06.
Committed Person's Signature              ID#              Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | |
|---|---|
| Date Received: ____ / ____ / ____ | ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL  62794-9277 |

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ____ / ____ / ____ | Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance    ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |

_____
Chief Administrative Officer's Signature                                       Date



**Rod R. Blagojevich**
Governor

# Illinois
### Department of
## Corrections

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

November 15, 2004

James Turner
Register No. N01161
Menard Correctional Center

Dear Mr. Turner:

This is in response to your grievance received on June 14, 2004, regarding Business/Trust (Reimbursement for State-Pay While in Segregation), which was alleged to have occurred at Menard Correctional Center. This office has determined the issue will be addressed without a formal hearing.

This office has reviewed your written grievance dated May 7, 2004 regarding requests to be reimbursed for state-pay while in segregation.

The Grievance officer's report (872-04) and subsequent recommendation dated May 25, 2004 and approval by the Chief Administrative Officer on May 25, 2004 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied, as this is an administrative decision.

FOR THE BOARD: _____

Sherry Hile
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____

Roger E. Walker Jr.
Director

cc:    Warden Charles Hinsley, Menard Correctional Center
James Turner, Register No. N01161

James M. Turner. El
#N-01161
M.C.C.
P. O. Box 711
Menard, Il. 62259

July 2, 2006

Randall Stauffer/ Legal Counsel
M.C.C.
711 Kaskaskia St.
Menard, Il. 62259

Re: 86 C 8929
Settlement Terms

Dear sir:

Please be advised I'm in receipt of your June 8, 2006
correspondence. But, I see you haven't done your
homework, just like Mr. Morelock, you claim I was
given a job 12/14/88, but, my prison record will show
you I was in segregation at Pontiac C.C. 12/14/88. As
such, I was never afforded a prison job since the
inception of the terms of the settlement agreement.

I'm now in tremendous debt to IDOC, but, had I ever
been afforded a job I wouldn't have a debt. As
such, simply check my prison file to ascertain I
was never employed and have me assigned to the
Inmate Commissary ASAP.

Also, the State issue Fan and Radio given me are
not in working order, I cannot pay to have them
repaired as I owe IDOC, I want them replaced
ASAP.

Be advised if NO action is taken to correct these
problems I'll be forced to file a New Federal Law-
suit for damages for not giving me a prison job in
over 17½ years. A speedy reply is raged.

Thank you.

Respectfully,
J.R. J— El

IL 426-9279
DCA 46164

# STATE LOAN CONTRACT

STATE LOAN PER COURT ORDER

01-8-04

Date ___ 9-16-04

Resident ___ TURNER ___ Reg. No. ___ M 01161

Item ___ COLOR TV ___ Make ___ ZENITH

Model ___ Y13225 ___ Serial No. ___ 731-13130329

Description ___ BLACK ___ Dollar value ___ $50.00

The above item is on loan to me from Menard Corr. Center. I understand that the violation of institutional rules governing this item will result in the revocation of my state loan privileges. Should this item be loaned, sold, traded or given to another resident the item will be confiscated and disciplinary action will be taken against me, including reimbursment to Menard Corr. Center for the dollar value of this item, which is stated above. I agree that any and all repairs to this item will be made at my expense and upon my release, transfer, or placement at another institution I will return the item to the Personal Property Officer prior to my release. In case of theft of this item I will report the theft to Personal Property by kite within 24 hrs. of the theft. I realize that failure to report the theft of this item within 24 hrs. leaves me liable for reimbursment to Menard Corr. Center for it's dollar value. Loss or theft of this contract should be reported as soon as possible by kite to Personal Property.

Resident ___ Reg. No. ___ M-01161

Personal Property Officer ___

# RECEIVED

OFFICE OF
INMATE ISSUES

IL 426-9279
DCA-16464

# STATE LOAN CONTRACT

## STATE LOAN 97-10-2 PER COURT ORDER

Date _____ ( _ ) 9-20-01

Resident _____ TURNER _____      Reg. No. _____ N 01161

Item _____ RADIO _____      Make _____ PANASONIC

Model _____ RX ES 430 _____      Serial No. _____ GK5HD05078

Description _____ BLACK _____      Dollar value _____ $29.00

The above item is on loan to me from Menard Corr. Center. I understand that the violation of institutional rules governing this item will result in the revocation of my state loan privileges. Should this item be loaned, sold, traded or given to another resident the item will be confiscated and disciplinary action will be taken against me, including reimbursment to Menard Corr. Center for the dollar value of this item, which is stated above. I agree that any and all repairs to this item will be made at my expense and upon my release, transfer, or placement at another institution I will return the item to the Personal Property Officer prior to my release. In case of theft of this item I will report the theft to Personal Property by kite within 24 hrs. of the theft. I realize that failure to report the theft of this item within 24 hrs. leaves me liable for reimbursment to Menard Corr. Center for it's dollar value. Loss or theft of this contract should be reported as soon as possible by kite to Personal Property.

Resident _____      Reg. No. _____

Personal Property Officer _____

## RECEIVED

## OFFICE OF
## INMATE ISSUES

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court

## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

TURNER-EL

v.

BRANCH ETC.

## JUDGMENT IN A CIVIL CASE

CASE NUMBER:  86 C 8929

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ Decision by Court.  This action came to trial or hearing before the Court.  The issues have been tried and heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

That defendant's motion to enforce settlement agreement is granted.

November 18, 1988
Date

H. STUART CUNNINGHAM
Clerk

Willie A. Haynes
(By) Deputy Clerk

Ex. "B"

SD428 HCC#1

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| Name of Assigned Judge or Magistrate | JAMES B. MORAN | Sitting Judge/Mag. If Other Than Assigned Judge/Mag. | |
|---|---|---|---|
| Case Number | 86 C 8929 | Date | Nov 18, 1988 10:00 |

Case Title: TURNER-EL VS BRANCH ETC.

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3d-party plaintiff, and (b) state briefly the nature of the motion being presented]

DOCKET ENTRY:    (The balance of this form is reserved for notations by court staff.)

(1) ☐ Judgment is entered as follows:    (2) ☒ [Other docket entry:]

Evidentiary hearing held. Defendants' motion to enforce settlement agreement is granted. Cause dismissed with prejudice pursuant to the settlement agreement. Plaintiff's motion for appointment of counsel is denied. Plaintiff's oral motion to substitute a new judge is denied.

(3) ☐ Filed motion of [use listing in "MOTION" box above].
(4) ☐ Brief in support of motion due _____
(5) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(6) ☐ Hearing ☐ Ruling    on _____ set for _____ at _____
(7) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ reset for _____ at _____
(8) ☐ Pretrial conference ☐ held ☐ continued to ☐ set for ☐ reset for _____ at _____
(9) ☐ Trial ☐ set for ☐ reset for _____ at _____
(10) ☐ Bench trial ☐ Jury trial ☐ Hearing held and continued to _____ at _____
(11) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to ☐ FRCP 4(f) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(12) ☐ (For further detail see ☐ order on the reverse of ☐ order attached to the original minute order form.)

No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate.

Ex. "A"

courtroom deputy's initials

Date/time received in central Clerk's Office

number of notices
date docketed
docketing dpty. initials
date mld. notices
mailing dpty. initials

Document #

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| Name of Assigned Judge or Magistrate | Hon. Jas. B. Moran | Sitting Judge if Other Than Assigned Judge or Magistrate | |
|---|---|---|---|
| Case Number | 88 C 7775 | Date | Dec 13, 1988 |
| Case Title | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3d-party plaintiff, and (b) state briefly the nature of the motion being presented]

Defendant's Motion

**DOCKET ENTRY:**   (The balance of this form is reserved for notations by court staff.)

(1) [ ]   final pretrial is entered as follows:       (2) [X]   [Other docket entry:]

Enter order nunc pro tunc as of November 18, 1988. After hearing all of the evidence presented by the movants and the respondent, this court has determined that the parties did agree to settle this matter as of June 2, 1988 on the following terms: Plaintiff agrees to release and discharge from liability all past, present and future agents and employees of the Ill. Dept of Corrections for all causes of action arising on or before June 2, 1988 in exchange for receiving from defendants the sum of $580.00, a job in prison, access to a typewriter thru the prison law library and the following state loan items: a fan, a radio and a color television set. Therefore, defendants' motion to enforce settlement agreement is granted. Cause dismissed with prejudice pursuant to the settlement agreement.

(3) [ ]   Filed motion of [use listing in "MOTION" box above].

(4) [ ]   Brief in support of motion due _____

(5) [ ]   Answer brief to motion due _____ Reply to answer brief due _____

(6) [ ]   Hearing _____ set for _____ on _____
          Ruling _____

(7) [ ]   Status hearing [ ] held [ ] continued to [ ] set for [ ] reset for _____

(8) [ ]   Pretrial conference [ ] held [ ] continued to [ ] set for [ ] reset for _____

(9) [ ]   Trial [ ] set for [ ] reset for _____

(10) [ ]  [ ] Bench trial [ ] jury trial [ ] Hearing held and continued to _____

(11) [ ]  This case is dismissed [ ] without [X] with prejudice and without costs [ ] by agreement [ ] pursuant to
          [ ] FRCP 4(J) (failure to serve) [ ] General Rule 21 (want of prosecution) [ ] FRCP 41(a)(1) [ ] FRCP 41(a)(2)

(12) [X]  [For further detail see] [ ] order on the reverse of [X] order attached to the original minute order form.]

No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate.

3 PC

DEC 14 1988

Ex. "C"

number of notices _____
date docketed _____
docketing dpty. initials _____
date mld. notice _____
mailing dpty. initials _____

Document #  74

SD428 MCCAL

Date/time received in central Clerk's Office

PLAINTIFF

TURNER-EL, James C.     BRANCH, Superintendant, et al

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 57 02/88 | (57) | Filed 09/01/88: Plaintiff's notice of change of address. |
| 1/06/88 EAV | (58) | Filed 09/02/88: Defendant's notice of filing; Cautionary instruction to pro se prisoner. |
| 09/13/88 LC | (59) | Filed 09/12/88: Plaintiff's motion for appointment of counsel (Attachments). |
| /03/88 EAV | (60) | Filed 09/29/88: Notice of filing; Defendants' reply to plaintiff's response to defendants' motion to enforce settlement agreement. |
| 2/13/88 KS | (61) | Filed 10/07/88: Plaintiff's response to defendant's reply to plaintiff's motion in opposition to enforce settlement agreement; Notice. |
| /25/88 DMW | (62) | Minute order of 10/24/88: Evidentiary hearing set for November 18, 1988 at 10:00 AM. Status hearing held. Moran, J. Mailed notice 10/25/88. |
| /16/88 | (63) | Minute order of 11/15/88: On petitioner's motion, order a petition for writ of habeas corpus ad testificandum to issue to cause James G. Turner-el to be brought before this court on November 18, 1988 at 10:00AM. Moran, J. Mailed notice 11/16/88. |
| | ~~(63)~~ | ~~Filed 11/15/88: Notice of Filing.~~ |
| | (64) | Filed 11/15/88: Petition for writ of habeas corpus ad testificandum. |
| DMW | | ~~Issued 11/15/88: Writ of habeas corpus ad testificandum and three certified copies with certified copy of order to U.S. Marshals.~~ |
| /25/88 | (66) | Minute order of 11/18/88: Evidentiary hearing held. Defendants' motion to enforce settlement agreement is granted. Cause dismissed with prejudice pursuant to the settlement agreement. Plaintiff's motion for appointment of counsel is denied. Plaintiff's oral motion to substitute a new judge is denied. (For further detail see order attached to the original minute order form). Moran, J. Mailed notice 11/25/88. |
| | (67) | Entered 11/18/88: Judgment. Clark.      JS-6 |
| 08/88 | (68) | Filed 12/06/88: Plaintiff's NOTICE OF APPEAL re: order of 11/18/88 Motion to Stay Proceedings Pending Appeal; Motion for Transmission of the District Court's Records; Motion to Reconsider Order and Vacate Judgement; Affidavits; Exhibits and Notice of Filing; |
| | (69) | Filed 12/06/88: Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal; Motion for Appointment of Counsel; Affidavits and Notice of Filing. |
| | | ~~Transmitted 12/22/88 to the US Court of Appeals for the Seventh Circuit the short record on appeal consisting of a transmittal letter, stamped copy of notice of appeal, US Circuit appeal information sheet, copy of order dated 11/18/88 and copy of docket.~~ |

CONTINUED

SD428 MCC#1

Ex. "D"
(1 of 2)

(EXHIBIT C)   CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | | | DEFENDANT | DOCKET NO. 86-C-? |
|-----------|--|--|-----------|-------------------|
| TURNER-EL, James G. | | | BRANCH, Superintendant, et al | PAGE 5 OF ___ P |

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| ~~12/08/88~~ | | ~~Mailed 12/08/88 to all council of record.  copy of notice of ap~~ |
| MJG | | ~~Forwarded 12/08/88 to Judge Moran.  copy of notice of appeal~~ |
| 12/09/88 | (70) | Minute order of 12/08/88:  Defendants' motion for clarification of the order entered on November 18, 1988 is granted.  (Draft Order to Follow)  Moran, J. |
| CMW | (71) | Mailed notice 12/09/88.<br>Filed 12/08/88:  Notice of motion; Motion (Attachment). |
| 12/09/88 | (72) | Minute order of 12/08/88:  Filed defendants' motion for sanctions.  Plaintif answer to motion for sanctions to be filed by January 5, 1989.  Reply to answer to be filed by January 17, 1989.  Moran, J. |
| CMW | (73) | Mailed notice 12/09/88.<br>Filed 12/08/88:  Notice of motion; Motion; Memorandum in support of defenda motion for sanctions  (Attachments). |
| 12/14/88 | (74) | Minute order of 12/13/88:  Enter order nunc pro tunc as of November 18, 198 After hearing all of the evidence presented by the movants and the responde this court has determined that the parties did agree to settle this matter June 2, 1988 on the following terms" Plaintiff agrees to release and disch from liability all past, present and future agents and employees of the Ill of Corrections for all causes of action arising on or before June 2, 1988 i change for receiving from defendants the sum of $580.00, a job in prison, a to a typewriter thru the prison law library and the following state loan it a fan, a radio and a color television set.  Therefore, defendants motion to enforce settlement agreement is granted.  Cause dismissed with prejudice pu to the settlement agreement.  (For further detail, see order attached to th original minute order form).  MOran, J. |
| KS | (75) | Mailed notice 12/14/88.<br>Entered 12/14/88:  Order. |
| ~~12/14/88~~ | ~~76~~ | ~~Filed 12/13/88:  U. S. Court of appeals acknowledgment of receipt of shor~~ |
| KS | | ~~record. No. 88-3388.~~ |
| 12/15/88 | 77 | Filed 12/09/88:  Plaintiff's petition for writ of habeas corpus ad testif: N/A |
| KS | 78 | Filed 12/12/88:  Plaintiff's motion for clarification of order.  N/A |

KEY:  ALL CIRCLED ITEMS ARE INCLUDED IN THIS
RECORD ON APPEAL.

ITEMS CROSSED-OUT ARE NOT INCLUDED

N/A:  ITEMS ARE NOT AVAILABLE IN THE
DISTRICT COURT FILES.

Ex. "D"
(2 of 2)

SD428 MCCs1

Exhibit A, B, C.

---

Thu Mar 16 10:11:23 2000

UNITED STATES DISTRICT COURT

EAST ST. LOUIS , IL

Receipt No.    300 66304
Cashier        bell

Tender Type CHECK

Check Number: 23301

Transaction Type  AR

DM Code    Div No      Acct
4625        3          5106PL

Amount     $          0.41

PARTIAL FILING FEE. 97-993-WDS; JAME
S TURNER-EL NO1161; MENARD CC

P.O. BOX 711; MENARD, IL  62259

cn
Thu Mar 16 10:11:23 2000

Check No. 23301
Amount$       0.41
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4625

---

Thu Mar 16 10:35:53 2000

UNITED STATES DISTRICT COURT

EAST ST. LOUIS , IL

Receipt No.    300 66312
Cashier        bell

Tender Type CHECK

Check Number: 23390

Transaction Type  AR

DM Code    Div No      Acct
4625        3          5106PL

Amount     $          0.41

PARTIAL FILING FEE. 98-378-GPM; JAME
S TURNER NO1161; MENARD CC

P.O. BOX 711; MENARD, IL  62259

cn
Thu Mar 16 10:35:53 2000

Check No. 23390
Amount$       0.41
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4625

---

Thu Mar 16 10:40:53 2000

UNITED STATES DISTRICT COURT

EAST ST. LOUIS , IL

Receipt No.    300 66314
Cashier        bell

Tender Type CHECK

Check Number: 23392

Transaction Type  AR

DM Code    Div No      Acct
4625        3          5106PL

Amount     $          0.40

PARTIAL FILING FEE. 98-775-GPM; JAME
S TURNER NO1161; MENARD CC

P.O. BOX 711; MENARD, IL  62259

cn
Thu Mar 16 10:40:53 2000

Check No. 23392
Amount$       0.40
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4625

Tue Apr 18 12:15:13 2008

UNITED STATES DISTRICT COURT

EAST ST. LOUIS , IL

Receipt No. 300 66900
Cashier        ritter

Tender Type  CHECK

Check Number: 824343

Transaction Type   AR

DO Code    Div No        Acct
4625         3            5100PL

Amount              $       8.60

PARTIAL FILING FEE, 97-993-WDS, JAMES TU
RKER N01161

MENARD CC, MENARD, ILLINOIS 62259

---

Tue Apr 18 12:06:24 2008

UNITED STATES DISTRICT COURT

EAST ST. LOUIS , IL

Receipt No. 300 66893
Cashier        ritter

Tender Type  CHECK

Check Number: 824351

Transaction Type   AR

DO Code    Div No        Acct
4625         3            5100PL

Amount              $       8.60

PARTIAL FILING FEE, 98-370-GPM, JAMES G.
TURNER N01161

MENARD CC, MENARD, ILLINOIS 62259

---

Tue Apr 18 12:06:21 2008

Check No. 824351
Amount      8.60
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4625

---

Tue Apr 18 12:06:18 2008

UNITED STATES DISTRICT COURT

EAST ST. LOUIS , IL

Receipt No. 300 66891
Cashier        ritter

Tender Type  CHECK

Check Number: 824353

Transaction Type   AR

DO Code    Div No        Acct
4625         3            5100PL

Amount              $       8.60

PARTIAL FILING FEE, 98-775-GPM, JAMES G.
TURNER N01161

MENARD CC, MENARD, ILLINOIS 62259

---

Tue Apr 18 12:06:16 2008

Check No. 824353
Amount      8.60
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4625

Wed Jul 19 11:11:33 2000

UNITED STATES DISTRICT COURT

EAST ST. LOUIS , IL

Receipt No. 300 68639
Cashier        ritter

Tender Type CHECK

Check Number: 026001

Transaction Type  AR

DO Code   Div No        Acct
4625        3           5100PL

Amount         $        0.00

PARTIAL FILING FEE, 90-775-GPM, JAMES G.
TURNER N01161

MENARD CC, MENARD, ILLINOIS 62259

---

Wed Jul 19 11:16:07 2000

UNITED STATES DISTRICT COURT

EAST ST. LOUIS , IL

Receipt No. 300 68641
Cashier        ritter

Tender Type CHECK

Check Number: 026708

Transaction Type  AR

DO Code   Div No        Acct
4625        3           5100PL

Amount         $        0.02

PARTIAL FILING FEE, 97-993-WDS, JAMES TU
RNER N01161

MENARD CC, MENARD, ILLINOIS 62259

---

Wed Jul 19 11:16:07 2000

Check No. 026708
Amount$        0.02
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4625

---

Wed Jul 19 11:11:33 2000

Check No. 026001
Amount$        0.00
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4625

---

Wed Jul 19 11:18:35 2000

UNITED STATES DISTRICT COURT

EAST ST. LOUIS , IL

Receipt No. 300 68638
Cashier        ritter

Tender Type CHECK

Check Number: 026600

Transaction Type  AR

DO Code   Div No        Acct
4625        3           5100PL

Amount         $        0.02

PARTIAL FILING FEE, 98-370-GPM, JAMES G.
TURNER N01161

MENARD CC, MENARD, ILLINOIS 62259

---

Wed Jul 19 11:18:35 2000

Check No. 026600
Amount$        0.02
Pay any Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4625