HHN

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| James G. Turner-EL, Plaintiff, | FILED JUN 13 2008 6-13-2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |
| -v- | 08CV3421 JUDGE MORAN MAG. JUDGE ASHMAN |
| Richard D. Pautler, et al., Defendant(s). | |

EMERGENCY
MOTION FOR A TEMPORARY RESTRAINING ORDER
OR, FOR A PRELIMINARY INJUNCTION

COME NOW the plaintiff James G. Turner-EL, Pro Se, pursuant to the F.R.C.P. Rule 65 and respectfully move this Honorable Court for the issuance of an Emergency Temporary Restraining Order, or, for a Preliminary Injunction.

IN SUPPORT, plaintiff states:

I

NATURE OF THE CASE

As detailed in his attached Affidavit defendant(s) have and continues to illegally take his Illinois State appropriated $10.00 monthly Idle Pay which deprives him of any means to tend to his serious hygienic needs, resulting in him being denied

the basic civilized measure of life's necessities, which has resulted in him suffering boils under his arm pits, dandruff, ear wax and Athletic feet problems, irritating skin rash and massive hair and tooth loss, and complete deterioration of his hygiene, subjecting him to imminent dangers of serious physical injuries and cruel and unusual punishment in violation of the 8th Amendment to the U.S. Constitution. These unlawfully stolen spoils goes to defendant(s) personal benefit and gain, but, a certain portion has been ~~till the need~~ set-asides that defendants send to the Clerk of the U.S. District Court for the Southern District of Illinois each month to fray costs of plaintiff's Court filing fee debt. However, defendant(s) know they cannot take the plaintiff's Idle Pay, but, for 2 reasons and that is if he refuses a job or school assignment, which he has never refused, as such his monies is taken illegally for Court cost and for legal services/postage and under 42 U.S.C. §1997 prison officials could not take any of plaintiff's Idle Pay to pay for filing fees neither is the Clerk of the U.S. District Court in authority to accept payment from defendants where monthly amount in prison account does

-2-

not exceed $10.00. As such Clerk of the U.S. District Court has been and continues to unlawfully receive stolen funds as payment toward plaintiff's filing fee debt, that he can't receive under 42 U.S.C. §1997. Plaintiff seeks Declaratory Judgement; Injunctive Relief and monetary damages.

## II

### MATERIAL ALLEGATIONS

1. Following enactment of 42 U.S.C. §1997 in the year 1996, during years of 1999-2004, Judges of the U.S. District Court have entered orders requiring plaintiff pay full filing fees in his complaints.

2. Under 42 U.S.C. §1997 plaintiff's $10.00 monthly Idle Pay could not be taken by the defendants and sent to the Clerk of the U.S. District Court in payment of plaintiff's filing fee debt, because amount never exceeded $10.00 monthly.

3. Further clerk of the U.S. District Court for the Southern District of Illinois knew he was to receive 20% of plaintiff's monthly income, if it exceeded $10.00, but, it never has exceeded $10.00 as such, Clerk knew from amount he received each month that plaintiff was receiving

-3-

in many instances less than $10.00 per month and as such, clerk could not receive illegally stolen funds as payment of his filing fee debts. But, the clerk has and continues to be a part of the Illegal Racketeering Scheme of the defendants by accepting stolen monies as payment on plaintiff's filing fee debts. Making himself liable to criminal prosecution.

That due to the illegal diversion, misappropriation, embezzlement, theft and confiscation of his $10.00 monthly Idle Pay, plaintiff is deprived of monies he could use towards his hygienic needs, or to provide for his welfare, including to choose to pay some small portion if any toward his filing fee debts. Defendants have taken the options from him by stealing his entire pay and using small portion to pay Court Clerk on his filing fee debts.

### III.

### STANDARDS OF LAW

A litigant may be granted a temporary restraining order (TRO) by a Federal court upon a showing that the plaintiff is in danger of immediate and irreparable injury, that the adverse part will not be substantially harmed if a TRO is granted, that the TRO is consistent with the public interest,

-4-

and that the plaintiff has a strong likelihood of success in the lawsuit. Murphy v. Society of Real Estate Appraisers, 388 F. Supp. 1046, 1049 (E.D. Wisc. 1975).

Plaintiff is entitled to a TRO under these standards as he meets the four point factors for the issuance of a TRO, in that:

A. Irreparable Injury:

The loss of constitutional rights even for short periods of time, constitutes irreparable injury. Elrod v. Burns, 427 U.S. 343, 373 (1976); Deerfield Medical Center v. City of Deerfield Beach, 661 F.2d 328, 338 (5th Cir. 1981). The deprivation of plaintiff's property entitlement, his $10.00 monthly Idle Pay allowance, violates defendant(s) own rules and clearly violates the Constitution. Jamison-Bey v. Thieret, 867 F.2d 1046 (7th Cir 1989) And, each month defendants steal his pay and divide with Court Clerk depriving him of monies for his serious hygienic needs, the worst plaintiff's hygienic need become subjecting him to imminent dangers and irreparable injuries, which no amount of damages can repair. As such, plaintiff meets the first prerequisite for issuance of a TRO.

-5-

**B. Absence of Harm to Adverse Party:**

First defendant(s) own rules neither authorizes, nor, gives them any right to take plaintiff's Idle Pay for legal services/postage, or to pay Court costs,\*/ as such, defendant's acts of taking plaintiff's Idle Pay, for reasons other than his refusing a job/school assignment is unlawful. Jamison-Bey, Id. As such, defendant(s) have no legitimate interest in taking plaintiff's Idle Pay. Thus, there will be no harm to the defendants from a TRO. Plaintiff has met second prerequisite.

**C. Public Interest:**

The public interest is best served when all persons, including prisoners enjoy their property and not have their property taken illegally. Jamison-Bey, Id. Plaintiff has met 3rd factor.

**D. Likelihood of Success on the Merits:**

Plaintiff's likelihood of winning a judgement on the issues that his $10.00 monthly Idle Pay was taken illegally is overwhelming. Jamison-Bey, Id., that defendants violated their own rules and the Clerk of the Court violated 42 U.S.C. §1997 is without any doubt and the plaintiff has a right to expect defendants will follow their own rules and Clerk personnel

-6-

_____
\*/ Administrative Directive 05.03.163 (Page 4)

would abide by 42 U.S.C. §1997, the issue of defendants and Clerk of Court following their own rules is so well established as to be unquestionable. Caldwell v. Miller, 790 F.2d 586 (7th Cir. 1986); People ex rel. Yoder v. Hardy, 451 N.E.2d 965, 116 Ill. App. 3d 489. Accordingly, the plaintiff has met the last prerequisite for the issuance of a TRO.

Plaintiff could not give Notice of Motion for TRO to the defendant(s) because K. Schern Head Librarian will not photocopy this motion that service could be made on defendants neither, does plaintiff a copy. As such, he beseech this Honorable Court to permit the Clerk of the Court to photocopy this document and serve all parties.

Even if the Court finds that plaintiff is not entitled to a TRO, the Court should grant a Preliminary Injunction after Notice to the defendant(s).

A Preliminary Injunction may be granted on Notice based on consideration of the same four factors discussed, above. Florida Medical Asso-

-7-

ciation, Inc., v. United States Department of Health, Education and Welfare, 601 F.2d 199 (5th Cir. 1979). Plaintiff incorporates that discussion by reference to this point.

## IV.
## RELIEF

A) Defendant(s) be restrained from continuing to illegally take plaintiff's Idle Pay each month, during pendency of this action;

B) Defendant(s) be restrained from paying Court costs with plaintiff's $10.00 monthly Idle Pay;

C) That all illegally taken Idle Pay be reimbursed to plaintiff by defendants;

D) That all portions of Idle Pay sent to the Clerk of the U.S. District Court for the Southern District of Illinois be returned to plaintiff's account in prison

E) That sanctions be awarded plaintiff from the defendants for causing him irreparable injury in the amount of: $25,000.00

F) Any additional relief this Court deems equitable, proper and just.

-8-

V.
CONCLUSION

WHEREFORE, plaintiff prays that this Honorable Court enter an Order granting him a temporary restraining order, or, in the alternative a Preliminary Injunction, and authorize the Honorable Clerk of the Court to photocopy this motion and serve all parties.

Respectfully submitted,

James G. Turner
James G. Turner
#N-01161
M.C.C.
P.O. Box 711
Menard, Il. 62259