Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 3421 | DATE | June 19, 2008 |
| CASE TITLE | James G. Turner-el (#N01161) v. Pautler, et al. | | |

**DOCKET ENTRY TEXT:**

The Court transfers this action forthwith to the United States District Court for the Southern District of Illinois at East St. Louis, Illinois, for imposition of an initial filing fee and whatever other action the transferee court deems appropriate. The Clerk shall not issue summons unless the transferee court so directs.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, James Turner-el, brings this action pursuant to 42 U.S.C. § 1983. Without expressing an opinion as to the merits of the complaint, the Court finds that this judicial district is not a proper venue for this case.

Under 28 U.S.C. § 1391(b), a civil rights action under Section 1983 may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The events giving rise to Plaintiff's claims all took place at the Menard Correctional Center where Plaintiff is now confined. Menard Correctional Center is in Randolph County which is located in the Southern District of Illinois. 28 U.S.C. § 93(c). Moreover, according to the complaint, virtually all Defendants reside in the Southern District. Venue thus does not lie in this Court because none of the events underlying the suit has any connection to this judicial district and virtually all of the Defendants reside outside this judicial district. Venue does exist in the Southern District of Illinois and, given the particulars of this case, that district is clearly the most convenient forum for this action.

Accordingly, the Court, in the interests of justice, transfers this action pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Southern District of Illinois at East St. Louis, Illinois, for imposition of an initial filing fee and whatever other action the transferee court deems appropriate. The Clerk shall not issue summons unless the transferee court so directs.

James B. Moran

JJD