IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
JUN 2 6 2008
6-26-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

James G. Turner-El,
Plaintiff,

-v-

Richard D. Pautler, et al.,
Defendant(s),

No. 08 C 3421

James B. Moran / U.S. Judge,
Magistrate Judge Ashman.

MOTION IN SUPPORT OF ISSUANCE OF A TEMPORARY RESTRAINING ORDER, OR, A PRELIMINARY INJUNCTION

COME NOW the plaintiff James G. Turner-El, Pro Se, pursuant his original motion for a temporary restraining order, or, a preliminary injunction and in support thereof he states:

1. That plaintiff named both the former and present Head Business Administrator(s) at Menard prison as defendant(s) herein. However, the plaintiff discovered an Affidavit amongst his excess legal storage documents on June 15, 2008, that specifically assert that a Ms. Patricia Kelkhoff / Account Technician I of Menard prison is the party responsible for the

taking of my $10.00 monthly Idle Pay to pay off Court filing fee/Sanction costs for over the past (8) plus years, and how she actually took the plaintiff's Idle Pay, and in what cases she has and continues to make payments.

2. Plaintiff will amend his Complaint to name Ms. Kelkhoff a defendant, however, in the interim, he has her sworn Affidavit as to her taking plaintiff's Idle Pay for Court filing fee costs, which were and are being impermissibly paid, even though plaintiff has only received $10.00 monthly Idle Pay to his prison account each month. And, according to 42 U.S.C. § 1997 Ms. Kelkhoff could not take any of plaintiff's Idle Pay for Court costs, unless monthly amount received thereto exceeded $10.00 because, monthly amount never exceeded $10.00 Ms. Kelkhoff could not take plaintiff's $10.00 Idle Pay to pay of Court fees, which she has and continues to do.

3. Furthermore, the Clerk of the U.S. District Court for the Southern District of Illinois had no lawful authority to receive plaintiff's $10.00 monthly Idle Pay as payment for Court

-2-

filing fees, as he knew according to Rule 42 U.S.C. §1997, in order to receive payment the monthly amount received to plaintiff's prison account had to exceed $10.00, because, it has never exceeded $10.00 monthly, all monies received by the Clerk of the U.S. District Court was illegally obtained and must be reimbursed to plaintiff's prison account, to use toward his personal hygiene, or as he deems fit, as, his Idle Pay cannot be taken for legal expenses, or his segregation confinement, but, only taken upon his refusal of a job or school assignment, which he's never refused.

4. Accordingly, since plaintiff tenders a sworn Affidavit of admission of the taking of his $10.00 monthly Idle Pay illegally, it is incombent on this Court to restrain defendant(s) their agents, employees, etc., from continuing to steal plaintiff's Idle Pay each month, for costs that can't be paid from account with only $10.00 monthly received to it.

5. The theft of plaintiff's Idle Pay for Court costs, etc., has deprived plaintiff of a means to provide for his serious hygienic

-3-

needs, resulting in complete deterioration of his hygienic care, and physical ailments of boils under his arm pits, irritating skin rash, dandruff, Athletic's foot, ear wax, and massive hair and tooth loss, which are imminent dangers of serious physical injury.

6. In support of his relief, this Court should:

a) Restrain defendants their agents employees, etc., from taking plaintiff's Idle Pay for Court Costs; And, restrain Court Clerk from receiving said Idle pay as payment of Court fees;

b) Order sanctions and fines as sought in Motion for (TRO);

c) Order Clerk of the U.S. District Court reimburse, or otherwise, return all monies to plaintiff's prison account for his utility;

d) Such other Orders as this Court deems just.

WHEREFORE, DO HE PRAY.

Respectfully submitted,

James G. Turner-el / Pro Se

STATE OF ILLINOIS   )
                    )SS
COUNTY OF RANDOLPH  )

## AFFIDAVIT

I, James G. Turner SL, do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

1) Patricia Kelkhoff have continued to work under the former Business Administrator Marla Zielinski, and present Administrator Richard D. Pautler, and her actions are their actions as she works for them.

2) That Ms. Kelkhoff's sworn Affidavit is clear and established proof that defendant(s) through her have and continues to illegally take my idle pay for Court costs unjustifiably, because amount never exceeded $10.00 per month, it therefore could not be taken.

3) Ms. Kelkhoff's Affidavit clearly states at paragraph #7 that my monthly income was my state pay of $10.00 monthly, that was taken for Court filing Fees, as such, the court and the Court Clerk were aware that my $10.00 monthly Idle pay could not be taken for Court costs under 42 U.S.C. #1997 because it did not exceed $10.00 per month.

4) Because the taking of my idle pay was/is illegal and Ms. Kelkhoff provides proof of how she takes it, this Court must stop it, before I suffer more irreparable injury.

5) Ms Kelkhoff's Affidavit is a true, exact, correct and authentic copy of the original.

6) Further I sayeth not.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 15th day of June, 2008.

_____
Affiant

STATE OF ILLINOIS )
)
COUNTY OF RANDOLPH )

## AFFIDAVIT

I, PATRICIA KELKHOFF, being first duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify, and if called to testify, would state as follows:

1. I am employed with the Illinois Department of Corrections ("the Department"), at Menard Correctional Center ("Menard"), as an Account Technician II. I am responsible for the administration of inmate trust fund accounts at Menard. Specifically, I oversee inmate payroll and disbursements for court ordered fees and restitution for inmates at Menard.

2. James G. Turner-El, inmate number N01161, is currently incarcerated at Menard and I administer his payroll and disbursements for court ordered fees and restitution from his trust fund account.

3. I am in receipt of an April 3, 2000, Court Order from District Judge Murphy in Turner-El, et al., v. Washington, et al., 97-996-GPM, sanctioning inmate Turner-El and ordering payment of $100.00 from his trust fund account to the Clerk of the Court. (I have also received additional Court Orders dated July 13, 2000, from Magistrate Proud, and July 19, 2000, from District Judge Murphy, reiterating the original April 3, 2000, Order) This Order was entered as a court ordered fee in inmate Turner-El's trust fund ledger on April 17, 2000. (See Inmate Trust Fund printout for Furlough/Restitutions dated April 17, 2000, a copy of which is attached hereto as Exhibit "A")

4. Court orders for payment of fees and sanctions are entered in an inmate's trust fund ledger in chronological order of receipt. When the inmate has sufficient funds the court ordered amounts are then paid to the Clerk of the Court in chronological order. Since most court orders require that 20% of an inmate's monthly income shall be paid to the Clerk of the Court until the filing fee is paid in full, the first five court orders in time are paid monthly amounts equaling the total amount of the inmate's monthly income. Court orders requiring an initial partial filing fee are given precedence over the existing court orders for monthly payment of fees and the initial partial filing fee is paid immediately when the inmate has sufficient funds in his trust account.

5. Currently, including the April 3, 2000, order, inmate Turner-El has fifteen (15) pending court orders for payment of fees (totaling $1,746.00 in court ordered fees), fourteen of which precede the above mentioned April 3, 2000, order for $100.00. (Eight (8) from Northern District Courts and Seven (7) from Southern District Courts) (See Inmate Trust Fund printout for Court Ordered Fees, a copy of which is attached hereto as Exhibit "B")

6. As of July 20, 2000, inmate Turner-El had a negative trust fund balance of $-5,164.87. This negative amount reflects funds that have been advanced by the Department to inmate Turner-El for copies of legal materials and postage for legal mail. Inmate Turner-El also owes $390.28 in restitution. (See Trust Fund Ledger printout for Inmate Transaction Statement, a copy of which is attached hereto as Exhibit "C") Restitution amounts are only paid after all court ordered fees have been paid in full.

7. Records reflect that since 1997, inmate Turner-El's only source of income to his inmate trust account is from his state pay. Having no work assignment, inmate Turner-



El's income from his state pay is $10.00 per month. This amount is reduced by the number of days that the institution is on deadlock status, for which inmates receive no state pay. On June 9, 2000, inmate Turner-El's trust fund account was credited with his May, 2000, state pay totaling $9.52. Pursuant to the five chronologically oldest court orders for payment of filing fees, requiring monthly payments from inmate Turner-El's monthly income, the $9.52 was disbursed to the respective Clerks of the Court in the following amounts:

| | |
|---|---|
| 97-993-WDS (USDC-SD-IL) | $1.90 |
| 96-C-6323 (USDC-ND-IL) | $1.90 |
| 98-378-GPM (USDC-SD-IL) | $1.90 |
| 97-C-22 (USDC-ND-IL) (Appeal No. 98-1838) | $1.92 |
| 98-775-GPM (USDC-SD-IL) | $1.90 |

(See Exhibit B.)

8. On July 14, 2000, inmate Turner-El's trust fund account was credited with his June, 2000, state pay of $4.08. Pursuant to the five chronologically oldest court orders for payment of filing fees requiring monthly payments from inmate Turner-El's monthly income, the $4.08 was disbursed to the respective Court Clerks in the following amounts:

| | |
|---|---|
| 97-993-WDS (USDC-SD-IL) | $.82 |
| 96-C-6323 (USDC-ND-IL) | $.82 |
| 98-378-GPM (USDC-SD-IL) | $.82 |
| 97-C-22 (USDC-ND-IL) (Appeal No. 98-1838) | $.82 |
| 98-775-GPM (USDC-SD-IL) | $.80 |

(See Exhibit B.)

9. Unless the court instructs otherwise, the April 3, 2000, court order in 97-996-GPM, for $100.00 in sanctions will be paid from inmate Turner-El's trust fund account in chronological order of receipt. Since this order is the most recent of fifteen court orders for payment of court fees, payment will be made to the Clerk of the Court for the Southern



District from inmate Turner-El's trust account when the prior court orders for fees have been satisfied and sufficient funds are available from his account.

FURTHER AFFIANT SAYETH NOT.

_____
PATRICIA KELKHOFF

Subscribed and sworn to before me
this 25th day of July, 2000.

_____
Notary Public

```
OFFICIAL SEAL
PAM WITTENBORN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-14-2001
```